## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BRADY BENNETT,<br><br>     Plaintiff,<br><br> v.<br><br>OPTUM, INC., OPTUMRX, INC., OPTUMRX HOLDINGS, LLC, AND UNITEDHEALTH GROUP, INC.,<br><br>     Defendants. | Case No. 25-CV-593<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, BRADY BENNETT ("BENNETT"), through his undersigned counsel, Amy L. B. Ginsburg, and for his Complaint against Defendant, OPTUM, INC. ("OPTUM"), OPTUMRX, INC. ("OPTUMRX"), OPTUMRX HOLDINGS, LLC ("OPTUMRX HOLDINGS"), AND UNITEDHEALTH GROUP, INC. ("UNITEDHEALTH") (collectively "Defendants"), states:

## INTRODUCTION

1. BENNETT brings this complaint for Defendants violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, *et seq*.

## PARTIES

2. BENNETT is a natural person who, at all times relevant to this Complaint, resided in Cedar Park, Texas.

3. Defendant UNITEDHEALTH is a corporation organized under the laws of Delaware with its principal place of business at 9900 Bren Road East, Minnetonka, Minnesota, 55343.

4. UNITEDHEALTH offers various products and services, including prescription drugs through OPTUMRX.

5. Defendant OPTUMRX is a California corporation with its principal place of

business at 2300 Main Street, Irvine, California, 92614.

6. Defendant OPTUM is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota.

7. OPTUM is a health services company managing subsidiaries that administer pharmacy benefits, including Defendant OPTUMRX.

8. Defendant OPTUMRX HOLDINGS is a Delaware limited liability company with its principal place of business located 11000 Optum Cir Eden Prairie, Minnesota, 55344.

9. OPTUMRX HOLDINGS is the parent company of OPTUMRX.

10. Whenever it is alleged herein that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

## JURISDICTION AND VENUE

11. This Court's jurisdiction arises under 47 U.S.C. § 227(g)(2), and 28 U.S.C. §§ 1331 and 1337.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because each Defendant transacts business in, is found in, and/or has agents in this District, and because the actions giving rise to the Complaint took place, or had their ultimate injurious impact, within this district.

## FACTUAL ALLEGATIONS

13. Each named Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

14. Each named Defendant is a "telemarketer" within the meaning of 47 C.F.R. § 64.1200(f)(12).

15. BENNETT'S telephone number, XXX-XXX-5325, is registered to a cellular telephone service, and is registered in BENNETT'S name.

16. BENNETT'S number ending in 5325 has been registered on the National Do Not Call Registry since November 20, 2008.

17. BENNETT registered his cellular number to avoid receiving unwanted calls.

18. In this matter, despite the registration, Mr. Bennett received multiple unsolicited

calls from the Defendants regarding prescription drug delivery.

19. Defendants contacted BENNETT on the following dates: April 20, 2021, April 26, 2021, and June 23, 2021.

20. These calls concerned medications prescribed by a physician named Ruth Reeves and filled at DES Pharmacy in Sugarland, Texas.

21. BENNETT had never been treated by a physician named Ruth Reeves, and had never had prescriptions sent to DES Pharmacy, which was over 2.5 hours from his residence.

22. BENNETT never sought or solicited information regarding the services of any named Defendant prior to receiving the calls at issue in this matter and was not interested in their prescription drug delivery service.

23. BENNETT never consented to the calls he received.

24. BENNETT also did not have an "established business relationship" with any Defendant within the meaning of 47 C.F.R. § 64.1200(f)(5) prior to receiving these communications.

25. Defendants' calls, as alleged herein, constitute "telemarketing" within the meaning of 47 C.F.R. § 64.1200(f)(13).

**CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Violations of the TCPA's National Do-Not-Call Registry Provisions**
**47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(c)(2)**

26. BENNETT incorporates by reference the foregoing allegations as if fully set forth herein.

27. Defendants violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by placing multiple solicitation calls within an eight-month period to the cellular telephone number belonging to Plaintiff despite registration on the National Do Not Call Registry and without having signed, written prior express invitation or permission.

28. Defendants' TCPA violations were negligent and/or willful.

29.     The TCPA provides a private right of action for these claims under 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.     An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §227(b) and (c);

B.     An award of statutory damages;

C.     An award of treble damages; and

D.     Such other and further relief that the Court deems reasonable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**GINSBURG LAW GROUP, P.C.**

Dated: April 20, 2025           By:   *s/ Amy L. B. Ginsburg*
　　　　　　　　　　　　　　　　　　Amy L. B. Ginsburg
　　　　　　　　　　　　　　　　　　GINSBURG LAW GROUP, P.C.
　　　　　　　　　　　　　　　　　　653 W. Skippack Pike Suite 300-71
　　　　　　　　　　　　　　　　　　Blue Bell, PA 19422
　　　　　　　　　　　　　　　　　　Telephone: (855) 978-6564
　　　　　　　　　　　　　　　　　　Facsimile:  (855) 777-0043
　　　　　　　　　　　　　　　　　　Email: aginsburg@ginsburglawgroup.com

　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff,*
　　　　　　　　　　　　　　　　　　*Brady Bennett*